IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAVIS SHAW, | § | |
| | § | |
| Defendant Below, | § | No. 417, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2103001697 (N) |
| | § | |
| Appellee. | § | |

Submitted: May 4, 2023
Decided: May 25, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On October 31, 2022, the appellant, Travis Shaw, pleaded guilty to resisting arrest. In exchange for the guilty plea, the State dismissed a charge of possession of ammunition by a person prohibited and other charges. The State also agreed to recommend a sentence of one year of imprisonment, suspended for Level III probation. At sentencing, Shaw's counsel requested a lower level of probation; the Superior Court imposed the recommended sentence, with credit for ten days previously served. This is Shaw's direct appeal.

(2) On appeal, Shaw's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Shaw's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Shaw of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Shaw of his right to submit points he wanted this Court to consider on appeal. Shaw has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

the law and properly determined that Shaw could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice